# United States Court of Appeals for the Federal Circuit

---

**DAVID WAWRZYNSKI,**
*Plaintiff-Appellant,*

v.

**H.J. HEINZ COMPANY, H.J. HEINZ COMPANY,
L.P., AND HEINZ GP LLC,**
*Defendants-Appellees.*

---

2012-1624

---

Appeal from the United States District Court for the Western District of Pennsylvania in No. 11-CV-1098, Judge Arthur J. Schwab.

---

Decided: September 6, 2013

---

H. WILLIAM BURDETT, JR., Boyle Burdett, of Grosse Pointe Park, Michigan, argued for plaintiff-appellant. With him on the brief was EUGENE H. BOYLE, JR.

ROBERT L. BYER, Duane Morris LLP, of Philadelphia, Pennsylvania, argued for defendants-appellees. With him on the brief was MATTHEW C. MOUSLEY.

---

Before NEWMAN, PLAGER, and PROST, *Circuit Judges.*

PLAGER, *Circuit Judge.*

This is or is not a patent case, depending on one's time frame. It came to us on appeal from a District Court summary judgment that the plaintiff had failed to prove infringement of his patent. It leaves us as a transfer to the applicable regional circuit on the ground that plaintiff's case from the beginning was not a patent infringement case.

In the case as it came to us, David Wawrzynski appeals two rulings from the United States District Court for the Western District of Pennsylvania, each granting summary judgment in favor of H.J. Heinz Company, H.J. Heinz Company, L.P., and Heinz GP LLC (collectively referred to as "Heinz" or "Heinz Company"). In the first ruling the district court concluded that federal patent law preempted the state law claims that Mr. Wawrzynski alleged in his complaint, and in the second ruling the district court concluded that Heinz did not infringe a patent owned by Mr. Wawrzynski.

The central dispute between the parties is whether Mr. Wawrzynski's complaint alleges a patent issue at all. Heinz contends that it does; Mr. Wawrzynski contends that it does not. The outcome of this dispute directly affects our jurisdiction to decide the appeal, and we *sua sponte* directed the parties to address the question of jurisdiction. Both parties assert that we do have jurisdiction—albeit under different theories. For the reasons that follow, we conclude that both parties are mistaken because, under the law that applied when this suit was filed, our subject matter jurisdiction over patent disputes derives solely from the complaint, not from any counterclaim. Therefore, we do not have jurisdiction over the merits of this appeal, and order it transferred to the circuit court with general jurisdiction, the United States Court of Appeals for the Third Circuit.

BACKGROUND

Mr. Wawrzynski is an entrepreneur and food-innovator who owns and operates his own food delivery company. Mr. Wawrzynski's interest in food led him to design and develop a method for dipping and wiping a food article in a specially configured condiment package. He sought patent protection for his method and in 1997 was awarded U.S. Patent No. 5,676,990 (the '990 patent).

The patent is entitled "Method of Food Article Dipping and Wiping in a Condiment Container." The written description of the '990 patent illustrates a condiment container that has a flexible cap with a slitted opening in it. A user introduces a food article, such as a French fry, into the container through the slit and dips it into the condiment. As the food article exits the container, the flexible cap wipes away excess condiment from the food article, reducing the likelihood of a drip or spill.

Mr. Wawrzynski subsequently decided to present his condiment packaging ideas to the Heinz Company, including his concept, which he called the "Little Dipper," so in March 2008 he sent Heinz a letter soliciting a meeting. Included in the letter were promotional materials that depicted and described a condiment container similar to the condiment container depicted in the '990 patent. Mr. Wawrzynski's letter referenced the '990 patent and stated that features of the Little Dipper were subject to his patent.

Heinz alleges that it had been developing a new ketchup package around this same time. The Heinz Company invited Mr. Wawrzynski to meet with its representatives in April of 2008 to present his product ideas. Mr. Wawrzynski contends that during this meeting he shared with Heinz's representatives the idea of creating a 'dual function' product, one that permitted a consumer to either dip a food article into the condiment or separately squeeze out the condiment.

After the April meeting Mr. Wawrzynski sent Heinz additional promotional materials and requested another meeting.  Heinz responded that the company was not interested in Mr. Wawrzynski's product ideas and did not wish to receive additional information from him.  Months later, the Heinz Company released its new "Dip & Squeeze®" packet.  The Dip & Squeeze® packet, as its name suggests, allows a user to pull a tab to reveal a well of sauce for dipping, or the user can rip off an end of the packet to dispense sauce by squeezing.

On October 5, 2010, Mr. Wawrzynski filed a lawsuit against the Heinz Company in Michigan state court asserting claims relating to the Dip & Squeeze®.  Heinz countered by removing the action to the United States District Court for the Eastern District of Michigan on the basis of diversity jurisdiction.  Mr. Wawrzynski filed an amended complaint, including allegations of breach of an implied contract and unjust enrichment based on Heinz's alleged use of Mr. Wawrzynski's ideas for condiment packaging, and for use in advertising and promoting the Dip & Squeeze®.  The amended complaint in its general allegations referenced Mr. Wawrzynski's patent.

Heinz then filed a motion to transfer the case from the Eastern District of Michigan, and it was transferred to the United States District Court for the Western District of Pennsylvania, where it was assigned to Judge McVerry. During this same time, Heinz filed an answer, affirmative defenses, and a counterclaim that alleged, amongst other things, that Heinz did not infringe the Wawrzynski patent and that the patent was invalid.

In response, Mr. Wawrzynski filed a motion to dismiss Heinz's counterclaim on the grounds that the counterclaim did not present a case or controversy under federal law since Mr. Wawrzynski's complaint was asserting state law claims, not patent infringement.  Judge McVerry denied Mr. Wawrzynski's motion to dismiss, concluding

that the case implicated the '990 patent. Because Judge McVerry thought that the case involved the Wawrzynski patent, he then transferred it to the Western District of Pennsylvania's Patent Pilot Program where it was assigned to Judge Schwab.

On March 16, 2012, Mr. Wawrzynski filed an answer to Heinz's counterclaim in which he restated that he was not suing Heinz for infringement of the '990 patent. He followed this with a covenant not to sue Heinz on the basis of the '990 patent, and shortly thereafter filed another motion to dismiss Heinz's counterclaim. Mr. Wawrzynski again argued that the counterclaim did not present a case or controversy because he had admitted in his answer that he was not suing Heinz for infringement of the '990 patent, and further had provided Heinz with a covenant not to sue on the '990 patent.

Judge Schwab denied Mr. Wawrzynski's second motion to dismiss. He concluded that Mr. Wawrzynski's admission and covenant were "manufactured" and did not change the fact that Mr. Wawrzynski's complaint made allegations based upon the '990 patent. *Wawrzynski v. H. J. Heinz Co.*, No. 11-cv-1098, 2012 U.S. Dist. LEXIS 59487, \*13–14 (W.D. Pa. Apr. 27, 2012).

Heinz now filed a motion for summary judgment, arguing that Mr. Wawrzynski's other claims were preempted by federal patent law. The district court granted the motion. *Wawrzynski v. H. J. Heinz Co.*, No. 11-cv-1098, 2012 U.S. Dist. LEXIS 68740 (W.D. Pa. May 16, 2012). Heinz then moved for summary judgment on its counterclaim of non-infringement. Finding that it had jurisdiction to decide the matter, the district court granted Heinz's motion. *Wawrzynski v. H. J. Heinz Co.*, No. 11-cv-1098, 2012 U.S. Dist. LEXIS 85690 (W.D. Pa. June 20, 2012).

That is the current state of play. Mr. Wawrzynski now appeals the district court's ruling that his state law

claims are preempted by federal patent law, arguing that his dispute with Heinz relates to issues that were separate and distinct from his patent. Mr. Wawrzynski also appeals the district court's ruling that it had subject matter jurisdiction over Heinz's counterclaim. He argues that he never alleged patent infringement, and in any event the district court erred because his covenant not to sue and admissions of non-infringement divested the district court of jurisdiction to decide non-infringement. Heinz counters that this case is Mr. Wawrzynski's attempt to assert his patent under a guise of state law. Heinz contends that the district court correctly decided that Heinz did not infringe the '990 patent given Mr. Wawrzynski's admissions of non-infringement.

## DISCUSSION

### A.

As earlier noted, the dispute whether there is or is not a claim of patent infringement in this case implicates the threshold question of whether we have subject matter jurisdiction over this appeal. *Wyden v. Comm'r of Patents & Trademarks*, 807 F.2d 934, 935 (Fed. Cir. 1986) (stating that our jurisdiction is a "threshold question to be cleared in every case"). Under our jurisdictional statute, 28 U.S.C. § 1295, if the case is one arising under the Federal patent laws, we do; if the case is one purely of state law claims, not involving a patent issue, we do not. We must independently assure ourselves of our jurisdiction over an appeal "even though the parties are prepared to concede it." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

Accordingly, prior to oral argument we requested that the parties address (1) whether the pre- or post-America Invents Act (AIA) version of 28 U.S.C § 1295(a)(1) governs this case; and (2) whether this court has jurisdiction under the governing version of § 1295(a)(1). *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 19(b),

(e), 125 Stat. 284, 331-33 (2011). We also reminded the parties of *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002) (addressing the question of jurisdiction over patent law counterclaims) and *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988) (addressing the question of jurisdictional allocation between circuit courts). At oral argument, both parties maintained that we have jurisdiction, although they did so under different theories. We will address each party's jurisdictional theory in turn.

1.

Mr. Wawrzynski argues that this court has appellate jurisdiction under 28 U.S.C. § 1295 as set forth in the AIA. Pub. L. No. 112-29, § 19(b), 125 Stat. 284, 331-32 (2011). Amongst other things, the AIA version of § 1295 gives us jurisdiction over appeals based on a civil action "in which a party has asserted a compulsory counterclaim arising under any Act of Congress relating to patents." *Id.* Mr. Wawrzynski contends that Heinz's counterclaim of non-infringement meets this requirement.

Mr. Wawrzynski's jurisdictional theory has several problems. Even assuming that Heinz's counterclaim was compulsory, Mr. Wawrzynski's case does not meet the effective date requirement of the AIA version of § 1295, which applies to "any civil action commenced on or after the date of the enactment of this Act," which is September 16, 2011. Pub. L. 112–29, § 19(e), 125 Stat. 284, 333. Mr. Wawrzynski's complaint was filed and the "action commenced" prior to this date. The plain language of § 1295 provides no exceptions to its effective date requirement.

In an attempt to clear this hurdle, Mr. Wawrzynski argues that the filing date of the counterclaim, not the lawsuit, should control. Mr. Wawrzynski asserts that because Heinz filed its counterclaim on September 28, 2011, which was after the statute's effective date, Heinz's counterclaim provides us with appellate jurisdiction. In

support, Mr. Wawrzynski cites to a Sixth Circuit case, *Static Control Components, Inc. v. Lexmark International, Inc.*, 697 F.3d 387, 398–99 (6th Cir. 2012) *cert. granted*, 12-873, 2013 WL 182751 (U.S. June 3, 2013). He argues that, based on this case, the Federal Circuit has jurisdiction in certain "evolving circumstances," and that Heinz's counterclaim presents such circumstances.

Though this is a creative argument, we do not think that it is the law applicable to this case. The "evolving circumstances" discussed in *Static Control* are suggested in *Christianson* and *Holmes*, and involve instances in which the court deems a claim to be part of the pleadings because the parties have consented to litigate it. *Static Control*, 697 F.3d at 398–99; *Holmes,* 535 U.S. at 829 n.l ("[T]his case does not call upon us to decide whether the Federal Circuit's jurisdiction is fixed with reference to the complaint as initially filed or whether an actual or constructive amendment to the complaint raising a patent-law claim can provide the foundation for the Federal Circuit's jurisdiction."); *Christianson,* 486 U.S. at 814–15 ("We need not decide under what circumstances, if any, a court of appeals could furnish itself a jurisdictional basis unsupported by the pleadings by deeming the complaint amended in light of the parties' 'express or implied consent' to litigate a claim."). The express or implied consent theory left open by *Christianson* and *Holmes* does not fit the facts of this case.

First, Mr. Wawrzynski cannot point to an express or implied consent by the parties to litigate Heinz's counterclaim. Quite to the contrary, Mr. Wawrzynski moved on two separate occasions to dismiss the counterclaim on the basis of lack of jurisdiction. In order to divest the district court of jurisdiction to rule on the counterclaim, Mr. Wawrzynski went so far as to admit in his pleadings that Heinz did not infringe the '990 patent and to provide Heinz with a covenant not to sue. Heinz certainly wished

to litigate its counterclaim, but one party's consent is not sufficient for us to deem the complaint amended.

Second, even if it could be said that now on appeal Mr. Wawrzynski is providing express or implied consent, this would not solve his jurisdictional problem under the AIA version of § 1295. This version of § 1295 applies to lawsuits "commenced" on or after the effective date, Pub. L. 112–29, § 19(e), 125 Stat. 284, 333, and a lawsuit commences upon filing of the complaint. Fed. R. Civ. P. 3. Therefore, even if we deemed the complaint amended, the lawsuit still "commenced" for jurisdictional purposes prior to the AIA version's effective date of September 16, 2011. Because Mr. Wawrzynski's appeal fails to satisfy the effective date of the AIA version of § 1295, we do not have appellate jurisdiction under this version of the statute.

## 2.

Heinz's theory is that we have jurisdiction under the pre-AIA version of § 1295. This version states, "[t]he United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—(1) of an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title." 28 U.S.C § 1295(a)(1) (2006).

Heinz argues that Mr. Wawrzynski's complaint asserted a federal question under 28 U.S.C. § 1338, and in particular it asserted a claim of patent infringement under § 1338(a): "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." According to Heinz, Mr. Wawrzynski's alleged claim of patent infringement gave the district court jurisdiction under 28 U.S.C. § 1338(a), which in turn provided us jurisdiction under § 1295(a)(1). Heinz asserts that the district court had § 1338 jurisdic-

tion in addition to its diversity jurisdiction under 28 U.S.C. § 1332.

But Heinz's theory of jurisdiction also has problems. A district court's federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Christianson*, 486 U.S. at 808 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)). The "well-pleaded complaint" rule makes the plaintiff the "master of the complaint," and allows the plaintiff to "eschew[] claims based on federal law [and] choose to have the cause heard in state court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99, (1987).

Despite Heinz's strenuous efforts to construe the complaint to favor its theory of the case, and despite the fact that the patent is referenced in the complaint, a close review of Mr. Wawrzynski's complaint, including its counts and requested relief, confirms that Mr. Wawrzynski did not intend to assert his patent against Heinz. The complaint contains only two counts, numbered "I" and "II." The first is for "Breach of Implied Contract" and the second is for "Unjust Enrichment." J.A. 127–28. Breach of implied contract and unjust enrichment are state law counts. The complaint does not have a count for patent infringement or anything similar. Indeed, the complaint has no further counts of any kind.

The language of a typical patent allegation is also noticeably absent from the complaint and its counts. For example, the complaint does not use, even a single time, the words "infringe," "infringed," "infringement," "infringer," or "infringing." The complaint and its counts do not cite to 35 U.S.C. § 271 or any of its subsections; do not discuss or allude to direct infringement, contributory

infringement, or induced infringement; and do not allege that Heinz—or anyone else—made, used, offered to sell, or sold the patented technology of the '990 patent.

In addition to the counts, the relief requested by the complaint aligns with state law claims, not a claim for patent infringement. For example, the complaint asks for "[d]amages . . . arising from Defendants' failure to pay [Plaintiff] for his concepts and ideas regarding new condiment packaging and marketing for new condiment packaging." J.A. 39. The complaint then requests, "incidental damages, consequential damages, lost profits and exemplary damages." *Id*.

A patent provides a right to exclude. 35 U.S.C. § 154. A patent by itself does not create an *agreement* to pay. Therefore, Mr. Wawrzynski's assertion of a "failure to pay" would be ill-fitting if he were alleging patent infringement absent some sort of contractual or quasi-contractual agreement. Moreover, the complaint requests "incidental damages" and "consequential damages," which are typical contract-type damages. *See* Williston on Contracts § 64:12 and § 66:55 (4th ed.). The complaint does request "lost profits," but this concept exists both in patent law and in contract law, and therefore lends little support to construing the claim as a claim for patent infringement rather than a contract allegation given the evidence to the contrary. The request for "exemplary damages" also fails to uniquely identify a patent claim.

To support its jurisdictional theory, Heinz argues that the complaint is replete with references to Mr. Wawrzynski's patent. Heinz contends that the complaint must be based on his patent because, without the patent allegations, Mr. Wawrzynski's complaint fails to state a claim. In response, Mr. Wawrzynski argues that his patent is part of the background of his action, but his patent neither discloses nor claims the ideas for which he is seeking relief.

We observe that the complaint's discussion of the '990 patent is not nearly as extensive as Heinz purports it to be. The complaint includes but three sentences that reference the '990 patent (*see* J.A. 124) in all of its eight pages of text. And, as we noted above, none of these sentences alleges or alludes to patent infringement. Whatever these sentences may purport, they fall far short of a well-pleaded complaint of patent infringement. If the complaint succeeds in adequately alleging any causes of action—regarding which we have no opinion—those causes are indubitably state law claims.

We also find support for Mr. Wawrzynski's contention that certain ideas and materials that he allegedly provided to Heinz are not found in his patent. Mr. Wawrzynski's counts reference his marketing ideas. The marketing materials he allegedly sent to Heinz provide, for example, the "Little Dipper" name, a slogan, a discussion of a "pull tab" design, and various graphical representations of the Little Dipper with the Heinz logo. The '990 patent does not explicitly disclose any of these things.

Furthermore, the procedural context in which Mr. Wawrzynski filed his original complaint is consistent with our conclusion that he intended to eschew federal law and invoke state law. Mr. Wawrzynski filed his original complaint in state court, not in federal court where he would have filed if he wanted to assert patent infringement; the case ended up in federal court only because Heinz removed the case on the basis of diversity jurisdiction.

We conclude that Mr. Wawrzynski's sparse background discussion of his patent does not make a *well-pleaded* complaint for patent infringement, especially in light of the evidence of clear intention on his part to specifically assert counts under state law. Construing Mr. Wawrzynski's complaint to the contrary would turn the well-pleaded complaint rule on its head, making Mr.

Wawrzynski the "master of nothing." *Caterpillar*, 482 U.S. at 399. Because federal law does not create Mr. Wawrzynski's cause of action, we lack subject matter jurisdiction over his appeal under the pre-AIA version of § 1295.

## B.

We note that some of the issues underlying our jurisdictional analyses also underlie the district court's summary judgment merits analyses. To fully assess the question of our jurisdiction, we necessarily have analyzed and decided certain of these issues.

For example, we have concluded that the relief requested in the complaint aligns with state law claims and not a claim for patent infringement. We also found support for Mr. Wawrzynski's contention that certain of the ideas and materials he allegedly provided to Heinz are not found in his patent. These conclusions, along with our overarching conclusion that the complaint does not present a well-pleaded patent law issue, undercut conclusions relied upon by the district court to support its grant of summary judgment of preemption. Accordingly, it appears that nothing in federal patent law now stands in the way of Mr. Wawrzynski pursuing his state law claims.

With regard to the district court's finding of noninfringement of the '990 patent by Heinz's 'Dip & Squeeze®' packet, Mr. Wawrzynski's responsive pleadings contain both a concession that Heinz's product does not infringe and a covenant not to sue. Thus, it would appear that in any event there is no case or controversy remaining to support a subsequent judgment on the issue of infringement.

CONCLUSION

For the foregoing reasons, we conclude that we lack jurisdiction over the merits issues in this appeal,[1] and therefore, in the interests of justice, pursuant to 28 U.S.C. § 1631, we order a transfer of the appeal to the United States Court of Appeals for the Third Circuit.[2]

**TRANSFERRED**

---

[1]    We always have jurisdiction over a case to determine our jurisdiction. *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 877 (Fed. Cir. 1983).

[2]    The Third Circuit rather than the Sixth Circuit appears to be the circuit of appropriate jurisdiction. The case was initially removed to federal court under diversity jurisdiction. Then in the Eastern District of Michigan, in the Sixth Circuit, it was transferred to the Western District of Pennsylvania, in the Third Circuit, where the matter was adjudicated.