NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**U.S. WATER SERVICES, INC.,**
*Plaintiff/Counterclaim Defendant-Appellant,*

AND

**GLOBAL PROCESS TECHNOLOGIES, INC. AND ROY JOHNSON,**
*Counterclaim Defendants-Appellants,*

**v.**

**CHEMTREAT, INC.,**
*Defendant/Counterclaimant-Appellee.*

---

2013-1236

---

Appeal from the United States District Court for the District of Minnesota in No. 11-CV-895, Judge Patrick J. Schiltz.

---

Before REYNA, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

## O R D E R

On June 6, 2014, this court issued an order to show cause why this appeal should not be transferred to the

U.S. Court of Appeals for the Eighth Circuit. U.S. Water Services, Inc. ("USWS") and ChemTreat, Inc. ("ChemTreat") each filed a timely response. Because this court concludes that it lacks jurisdiction over this appeal, we order the case transferred to the Eighth Circuit.

BACKGROUND

This case arises out of a complaint USWS filed against ChemTreat in the U.S. District Court for the District of Minnesota, alleging misappropriation of trade secrets under Minnesota law. Several months after USWS filed its Complaint, the Patent and Trademark Office ("PTO") issued U.S. Patent No. 8,039,244 ("the '244 patent"), covering technology related to USWS's pending trade secret litigation. USWS was the sole licensee of the '244 patent, and ChemTreat promptly moved to amend its answer to add counterclaims against USWS for declaratory judgment of noninfringement and invalidity. After the parties stipulated to the addition of patent co-owners Global Process Technologies, Inc. and Roy Johnson, the magistrate judge granted leave for ChemTreat to pursue its patent counterclaims.[1] Not long after, the parties settled the trade-secret claim, which the district court dismissed with prejudice.

On July 5, 2012, USWS moved to dismiss ChemTreat's patent counterclaims for lack of standing. After a hearing, the district court denied the motion, holding there was an Article III case or controversy between the parties with respect to the '244 patent. *U.S.*

_____

[1] The '244 patent is co-owned by defendants-appellants Roy Johnson and Global Process Technologies, Inc., and is exclusively licensed to USWS. Mr. Johnson is the Chief Innovation Officer for USWS. For convenience, this court refers to all counterclaim defendants as "USWS."

*Water Servs., Inc. v. ChemTreat, Inc.*, No. 11-CV-895, 2012 WL 5904341 (D. Minn. Nov. 26, 2012) ("Jurisdiction Order").

After allowing USWS to undertake additional discovery, the district court granted ChemTreat's motion for summary judgment of noninfringement. *U.S. Water Servs., Inc. v. ChemTreat, Inc.*, No. 11-CV-895, 2013 WL 173736 (D. Minn. Jan. 16, 2013). USWS filed an appeal to this court, asserting jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Under the relevant jurisdictional provision, this court has exclusive jurisdiction "of an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title." 28 U.S.C. § 1295(a)(1) (2006). Section 1338, in turn, provides district courts with original jurisdiction "of any civil action arising under" the patent laws. *Id.* § 1338(a) (2006). Our jurisdiction therefore "turns on whether the action arises under federal patent law," which is decided by applying the "well-pleaded-complaint rule."[2] *Holmes Grp., Inc. v.*

---

[2] This court's jurisdictional statute was recently amended by the Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 19(b), 125 Stat. 284, 331–33 (2011) ("AIA"). The AIA extends this court's jurisdiction to "any civil action arising under, *or* . . . any civil action in which a party has asserted a compulsory counterclaim arising under" the patent laws. 28 U.S.C. § 1295(a)(1) (2012). USWS commenced this action before these amendments took effect on September 16, 2011, so we apply the pre-AIA version of the statute. AIA Pub. L. 112-29, § 19(e), 125 Stat. at 333; *see also Wawrzynski v. H.J. Heinz Co.*, 728 F.3d 1374, 1378 (Fed. Cir. 2013) (actions commenced

*Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 829 (2002).

Applying the well-pleaded complaint rule to this case, USWS's Complaint does not arise under the patent laws. Minnesota state law "creates the [trade secret] cause of action," and USWS's right to relief does not "necessarily depend[] on resolution of a substantial question of federal patent law." *Id.* at 830. The district court's jurisdiction over USWS's state law claim was therefore based solely on diversity between the parties. *See* 28 U.S.C. § 1332. Because the district court's jurisdiction was not "based, in whole or in part, on section 1338," this court lacks jurisdiction over USWS's appeal. *Id.* § 1295(a)(1). Nor do ChemTreat's patent law counterclaims establish jurisdiction, because a counterclaim "cannot serve as the basis for 'arising under' jurisdiction." *Holmes*, 535 U.S. at 831.

This court recently held it lacked jurisdiction over a similar case in which the district court exercised diversity jurisdiction over the plaintiff's state law claims, and the defendant filed patent law counterclaims. *Wawrzynski v. H.J. Heinz Co.*, 728 F.3d 1374 (Fed. Cir. 2013). The *Wawrzynski* court concluded the "well-pleaded complaint" did not arise under the patent laws, and transferred the case to the relevant regional circuit. *Id.* at 1381. In light of the similarities between this case and *Wawrzynski*, this court issued an order to show cause why this appeal should not be transferred to the Eighth Circuit.

In response to the order, ChemTreat states it "is aware of no authority to resist transfer of this appeal to the United States Court of Appeals for the Eighth Circuit." ChemTreat Resp. 1. USWS, however, argues this court has jurisdiction because (1) USWS consented to the

_____

before September 16, 2011 are not subject to the AIA amendments).

filing of ChemTreat's counterclaim, and (2) ChemTreat's counterclaim "added new parties whose only involvement in the litigation was as defendants to the declaratory judgment action." USWS Resp. 6–7.

USWS's arguments for jurisdiction in this court are unpersuasive. Although the parties' implied amendment of a complaint may provide a foundation for Federal Circuit jurisdiction, there was no "express or implied consent" to add a patent claim to USWS's trade secrets Complaint. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 814–15 (1988); *see also Wawrzynski*, 728 F.3d at 1379 ("[O]ne party's consent is not sufficient for us to deem the complaint amended."). Moreover, USWS's "additional parties" argument does not alter the fact that its Complaint does not arise under the federal patent laws. *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 399 (6th Cir 2012) (reasoning that a defendant's federal claims against third-party defendants do not transform the case into one arising under federal law for purposes of 28 U.S.C. § 1331, and explaining the same test applies when determining whether a case arises under the patent laws for purposes of 28 U.S.C. § 1338), *aff'd on other grounds*, 134 S. Ct. 1377 (2014).

For these reasons, this court lacks jurisdiction over USWS's appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is transferred to the United States Court of Appeals for the Eighth Circuit.

(2) All other pending motions are transferred to the Eighth Circuit.

FOR THE COURT

July 10, 2014                    /s/ Daniel E. O'Toole
        Date                    Daniel E. O'Toole
                                Clerk of Court