NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4709
_____

ERIC INSELBERG,
Appellant

v.

NEW YORK FOOTBALL GIANTS, INC.; JOHN K. MARA; WILLIAM J. HELLER;
CHRISTINE PROCOPS; EDWARD WAGNER, JR.; JOSEPH SKIBA;
EDWARD SKIBA; ELI MANNING; BARRY BARONE; PARK CLEANERS
INC.; JOHN DOES A-Z
_____

On Appeal from the District Court
for the District of New Jersey
(D.C. Civil No. 2-14-cv-01317)
District Judge: Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 14, 2016

Before: MCKEE*, Chief Judge, AMBRO, and SCIRICA, Circuit Judges

(Filed: October 6, 2016)

_____

OPINION**
_____

---

* Judge McKee was Chief Judge at the time this appeal was submitted. Judge McKee completed his term as Chief Judge on September 30, 2016.
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, Circuit Judge.

Eric Inselberg appeals an order denying his application for attorney's fees pursuant to 28 U.S.C. § 1447(c). We will affirm.

## I.

Inselberg filed a complaint in New Jersey state court on January 29, 2014 against the New York Giants and several of their employees. He alleged the Giants falsely implicated him in a fraudulent memorabilia scheme, and failed to compensate him when they used marketing ideas built upon patented technology owned by Inselberg's company. The current dispute focuses on the latter of those two allegations.

Specifically, Inselberg pled an unjust enrichment claim, alleging "[t]he Giants misappropriation of Inselberg's wireless patent and marketing concepts and integration of them into the Giants' wireless platforms . . . conferred financial benefit upon Defendants" for which they "failed to compensate Inselberg . . . resulting in Defendants' unjust enrichment at Inselberg's expense." App. 74a-75a. In addition, Inselberg pled a misappropriation claim, alleging the Giants failed to "appropriately credit Inselberg for the use of Inselberg's patented wireless marketing concepts and integration of them into the Giants' wireless platforms." App. 76a. He further alleged the Giants "[f]alsely designat[ed] the origin of Inselberg's patented wireless marketing concepts . . . ," which he claimed were "novel and worthy of protection on grounds that said concepts are both innovative and original." App. 76a.

The Giants attempted to remove the complaint to federal court under 28 U.S.C. § 1441. They argued Inselberg's unjust enrichment and misappropriation claims were, in

2

reality, patent infringement claims. In addition, they argued that even if Inselberg's claims were not patent infringement claims, they would require resolution of a substantial and actually disputed question of patent law, making the claims removable under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). Finally, they sought to remove the remaining state law claims, requesting the District Court to exercise supplemental jurisdiction over them. Inselberg filed a motion to remand, arguing his claims were not for patent infringement, and thus there was no basis for removal.

The District Court referred the dispute to U.S. Magistrate Judge Mark Falk, who issued a Report & Recommendation siding with the Giants. Judge Falk concluded that, "[i]f not expressly pleaded, patent infringement is certainly the essence of [Inselberg's] claims," reasoning that "'[a]rtfully' omitting words like 'infringement' and substituting a synonym like 'misappropriate' does not change the nature of the claim." App. 443a. Because Inselberg's complaint alleged patent infringement, Judge Falk further concluded that "the complete preemption doctrine sweeps these claims into federal court," and recommended that Inselberg's motion to remand be denied. App. 443a-444a.

The District Court did not adopt the Report & Recommendation, holding instead that the unjust enrichment and misappropriation claims were not claims for patent infringement. Relying on *Wawryzynski v. H.J. Heinz Co.*, 728 F.3d 1374 (Fed Cir. 2013), the Court concluded the "well-pleaded complaint rule applies with full force in the patent context." *Inselberg v. New York Football Giants, Inc.*, No. 2:14-cv-01317, 2014 WL 5814268, at *3 (D.N.J. Dec. 12, 2014). Because the claims were not patent infringement

3

claims on their face, and because they were sufficiently dissimilar from patent infringement claims, the Court held the claims were properly brought under state law. In addition, the Court held that "an interpretation of a disputed issue of federal patent law is not a necessary element of Plaintiff's state law claims," and thus there was no federal jurisdiction under *Grable*. *Id.* at \*5.

Although the District Court granted Inselberg's motion to remand, it denied his request for attorney's fees and costs associated with the motion. Reasoning that "the distinctions between the jurisprudence governing removal of cases such as this are significantly fine," the Court determined that the Giants had an objectively reasonable basis to seek removal. *Id*. Inselberg now appeals the denial of his application for fees.

## II.[1]

We review a denial of attorney's fees under section 1447(c) for abuse of discretion. *Roxbury Condo. Ass'n*, 316 F.3d at 226. The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The underlying dispute in this case concerns two complex areas of federal jurisdiction law. The first is the complete preemption doctrine, which is sometimes referred to as the "artful pleading" doctrine. *See Goepel v. Nat'l Postal Mail Handlers*, 36 F.3d 306, 310 n.5 (3d Cir. 1994). "Under this so-called 'complete preemption

---

[1] We have jurisdiction under 28 U.S.C. § 1291 to hear Inselberg's appeal of the denial of attorney's fees under 28 U.S.C. § 1447(c). *Roxbury Condo. Ass'n v. Anthony S. Cupo Agency*, 316 F.3d 224, 226 (3d Cir. 2003).

doctrine,' a plaintiff's 'state cause of action [may be recast] as a federal claim for relief, making [its] removal [by the defendant] proper on the basis of federal question jurisdiction.'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). In this case, the complete preemption doctrine would have us decide whether Inselberg's state law claims for unjust enrichment and misappropriation are simply patent infringement claims in disguise.

The other complex area of jurisdiction law raised by this case is typically referred to as *Grable* jurisdiction. This doctrine holds that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013). As the Supreme Court recently noted, this doctrine has not been a model of clarity. *Id.* ("In outlining the contours of this slim category, we do not paint on a blank canvas. Unfortunately, the canvas looks like one that Jackson Pollock got to first."). In this case, the doctrine would ask whether it is necessary to decide a disputed issue of patent law in order to decide the case.

Fortunately, we do not, and indeed cannot, decide these complicated jurisdictional questions today. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."). Instead, we need only decide whether the Giants had an objectively reasonable basis for seeking removal. Given the difficult nature of the jurisdictional issues involved, we conclude they did. Reasonable minds can differ as to whether federal jurisdiction was proper in

5

this case, as evidenced by the fact that the Magistrate Judge and District Court came to different conclusions. Under these circumstances, we cannot say that the District Court abused its discretion when it determined the Giants had an objectively reasonable basis to seek removal.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.